UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Bankr. No. 25-40010 |
| | ) | Chapter 11 |
| PHILIP ANDREW KEITHAHN | ) | |
| SSN/ITIN xxx-xx-2549 | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| PHILIP ANDREW KEITHAHN | ) | Adv. No. 25-4005 |
| | ) | |
| Plaintiff | ) | |
| -vs- | ) | DECISION RE:  DEBTOR-PLAINTIFF'S |
| | ) | MOTION FOR SUMMARY JUDGMENT |
| HERITAGE CONSTRUCTION | ) | |
| COMPANIES, LLC | ) | |
| | ) | |
| Defendant. | ) | |

The matter before the Court is the Motion for Summary Judgment by Debtor-Plaintiff Philip Andrew Keithahn ("Debtor"), the objection by Defendant Heritage Construction Companies, LLC ("Heritage"), and Debtor's reply.  The Court has jurisdiction over this adversary proceeding under 28 U.S.C. §1334 and 28 U.S.C. §157(a).  This is a core proceeding pursuant to 28 U.S.C. §157(b)(2).  The Court enters these findings and conclusions pursuant to Fed.Rs.Bankr.P. 7052 and 9014(c).

**FACTS**

On January 17, 2025, Debtor filed a voluntary petition for bankruptcy relief under the provisions of Chapter 11 of the United States Bankruptcy Code.  Debtor owns stock in Progressive Growth Corp., a Minnesota corporation (the "Corporation").

On February 20, 2020, Heritage commenced an action in the United States District Court for the District of Minnesota against Debtor and Minnesota Medical University, LLC (the "University") asserting misrepresentation and other claims.  The University is an entity organized by Debtor.  Heritage obtained a judgment against

1

Debtor and the University on April 30, 2024 (the "Judgment").  Heritage filed a proof of claim in Debtor's bankruptcy case for $7,125,098.78 arising from the Judgment and subsequently filed an amended claim for $7,114,615.68.

On October 24, 2024, Heritage caused a Notice of Levy on Shares of Stock of Progressive Growth Corp. to be personally served on the Corporation by a sheriff. Although the parties appear to dispute some particulars related to this levy, they appear to agree certain shares of stock of the Corporation owned by Debtor are subject to Heritage's levy.  As a result of Heritage's levy, the corporate stock owned by Debtor is subject to a pre-petition judicial lien.

## DISCUSSION

Debtor's Amended Complaint seeks to avoid under 11 U.S.C. §547(b) a judicial lien created by the levy dated October 22, 2024, which notice of levy was attached to Heritage's proof of claim (the "Heritage Lien").[1]  Debtor's motion for summary judgment seeks avoidance of the Heritage Lien under 11 U.S.C. §547(b). Heritage challenges the motion for summary judgment arguing Debtor has not met his burden of proof.

### I.  Summary Judgment Standard

Summary judgment is appropriate when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed.R.Bankr.P. 7056 and Fed.R.Civ.P. 56(a); McManemy v. Tierney, 970 F.3d 1034, 1037 (8th Cir. 2020).  An issue of material fact is *genuine* if the evidence would allow the trier of fact to return a verdict for either party. Rademacher v. HBE Corp., 645 F.3d 1005, 1010 (8th Cir. 2011) (emphasis added) (citing Anderson v. Liberty Lobby, Inc., 447 U.S. 242, 248 (1986)).  A fact is material if it might affect the outcome of the case. Id. (emphasis added).  The Court considers the pleadings,

---

[1] The term "Heritage Lien" is used by the parties in the Amended Complaint, the brief supporting the motion for summary judgment, and in the opposition to the motion for summary judgment. Though the Court sees little meaningful difference in these definitions, in the interest of clarity the Court adopts its own definition and any reference to "Heritage Lien" shall be construed as the Court's definition herein.

discovery and disclosure materials on file, and any affidavits when determining whether summary judgment is appropriate. Wood v. SatCom Mktg., LLC, 705 F.3d 823, 828 (8th Cir. 2013) (citing Torgerson v. City of Rochester, 643 F.3d 1031, 1042 (8th Cir. 2011)).   The Court's function "is not 'to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" Tolan v. Cotton, 572 U.S. 650, 656 (2014) (quoting Anderson, 477 U.S. at 249)).

The party moving for summary judgment bears the burden of showing the record does not contain a genuine issue of material fact and identifying the parts of the record which bear out this assertion. Handeen v. LeMaire, 112 F.3d 1339, 1346 (8th Cir. 1997) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).   Further, "[i]f the moving party is the plaintiff, it carries the additional burden of presenting evidence that establishes all elements of the claim." Ramette v. Al & Alma's Supper Club Corp., (In re Bame), 252 B.R. 148, 154 (Bankr. D. Minn. 2000) (citations omitted).

Once the movant has met this burden, the non-moving party "must advance specific facts to create a genuine issue of material fact" to avoid summary judgment. F.D.I.C. v. Bell, 106 F.3d 258, 263 (8th Cir. 1997) (quoting Rolscreen Co. v. Pella Prods. of St. Louis, Inc., 64 F.3d 1202, 1211 (8th Cir. 1995)).   "Mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment." Thomas v. Corwin, 483 F.3d 516, 527 (8th Cir. 2007) (citing Celotex Corp., 477 U.S. 317 at 322).

However, the evidence must be viewed in the light most favorable to the party opposing the motion. Barge v. Anheuser-Busch, Inc., 87 F.3d 256, 258 (8th Cir. 1996) (citing Harvey v. Anheuser-Busch, Inc., 38 F.3d 968, 971 (8th Cir. 1994)).   The non-moving party is entitled to all reasonable inferences that can be drawn from the evidence without resorting to speculation. P.H. v. Sch. Dist. of Kansas City, Mo.,

265 F.3d 653, 658 (8th Cir. 2001) (quoting <u>Sprenger v. Fed. Home Loan Bank of Des Moines</u>, 253 F.3d 1106, 1110 (8th Cir. 2001).

In reviewing a motion for summary judgment, the Court considers whether "the record taken as a whole" reveals a genuine issue for trial. <u>Ricci v. DeStefano</u>, 557 U.S. 557, 586 (2009) (quoting <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986)).   When appropriate in considering summary judgment motions, bankruptcy courts in this circuit and elsewhere take judicial notice of filings in the case before it and related cases. <u>See, e.g.</u>, <u>Luker v. Heartland Cmty. Bank</u> (<u>In re Frankum</u>), 453 B.R. 352, 356 n.2 (Bankr. E.D. Ark. 2011) (taking judicial notice of all filings and records in a case, including the proofs of claim); <u>In re Plevyak</u>, 2025 WL 2741447, at *6 n.12 (Bankr. M.D. Pa. Sept. 25, 2025) (taking judicial notice of its own docket).

## II.  Burden of Proof

The party seeking to avoid the transfer "has the burden of proving the avoidability of a transfer under subsection (b) . . . ."  11 U.S.C. §547(g).  Further, the party seeking to avoid the transfer bears the burden to prove each element of section 547(b). <u>Ward v. Sterling Nat'l Bank</u> (<u>In re Ward</u>), 230 B.R. 115, 118 (B.A.P. 8th Cir. 1999) (citing <u>Matter of Prescott</u>, 805 F.2d 719, 726 (7th Cir. 1986)). Certain presumptions and legal rules may simplify the party's burden on a particular element if not challenged or may shift the burden to the other party. <u>See</u> 11 U.S.C. §547(f) (establishing presumption of insolvency with respect to section 547(b)(3)); <u>Betty's Homes, Inc. v. Cooper Homes, Inc.</u> (<u>In re Betty's Homes, Inc.</u>), 393 B.R. 671, 676 (Bankr. W.D. Ark. 2008) (addressing presumption of insolvency and well settled law regarding hypothetical liquidation under section 547(b)(5)).

## III. Avoidable Preference

11 U.S.C. §547(b) authorizes the avoidance of certain transactions in which a property interest of the insolvent debtor was transferred for the benefit of a creditor shortly before the bankruptcy was filed.  "One of the purposes of Section 547 is to put all creditors on a relatively level plain with respect to the use of debtor's assets

that may have been available during the debtor's slide into bankruptcy." Riske v. C.T.S. Systems, Inc. (In re Keller Tool Corp.), 151 B.R. 912, 914 (Bankr. E.D. Mo. 1993).   With a few exceptions, section 547(b) allows a trustee to avoid certain transfers if all six elements are met. 11 U.S.C. §547(b).   The six elements are:

(1)   the debtor has an interest in property that was transferred;
(2)   to or for the benefit of a creditor;
(3)   on account of an antecedent debt owed by the debtor;
(4)   made while the debtor was insolvent;
(5)   made on or within 90 days before the date of the filing of the petition; and
(6)   the transfer enabled such creditor to receive more than it would receive in a chapter 7 liquidation had the transfer not been made.

In re Ward, 230 B.R. at 118 (citing In re Interior Wood Products, Co., 986 F.2d 228, 230 (8th Cir. 1993); 11 U.S.C. §547(b)).   A debtor in possession may "utilize the powers provided [to] a trustee" to avoid a transfer under section 547(b). Hines v. Anderson (In re Hines), 3 B.R. 370, 371 (Bankr. D.S.D. 1980) (permitting debtors in possession to avoid transfer).

Attachment of a judgment lien can be an avoidable transfer if it meets the requirements of section 547(b). In re Hines, 3 B.R. at 370; see also Pfeiffer v. Haybuster Mfg., Inc. (In re Dutt), 8 B.R. 655, 657 (Bankr. D.S.D. 1981) (concluding creditor's claim was unsecured and not entitled to the priority and preference it would have received if the lien had not been avoided).   Therefore, the Heritage Lien may be an avoidable transfer if it meets the other requirements of section 547(b).

The parties appear to agree the first, second, third, and fifth elements of 11 U.S.C. §547(b) are not in dispute.   As it relates to elements four (Debtor was insolvent at the time of the transfer) and six (as of the date of Debtor's bankruptcy filing, Heritage would receive more with the judicial lien than it would receive in a hypothetical chapter 7 liquidation without the judicial lien), the parties are not in agreement.

The Court reviews the insolvency of Debtor at the time the transfer was made, which was on October 24, 2024, when Heritage caused a notice of levy on shares of stock of the Corporation to be personally served on the Corporation by a sheriff.

11 U.S.C. §547(b).  However, "the hypothetical liquidation test must be conducted as of the petition date," which was January 17, 2025. Falcon Creditor Trust v. First Ins. Funding (In re Falcon Prods. Inc.), 381 B.R. 543, 547 (B.A.P. 8th Cir. 2008).

As to insolvency under section 547(b)(3), there is a presumption Debtor was insolvent during the 90 days immediately preceding the filing of his bankruptcy petition. 11 U.S.C. §547(f).  "That presumption shifts the burden of producing at least some evidence that the debtor was solvent to the creditor." In re Betty's Homes, Inc., 393 B.R. at 676 (citing Armstrong v. John Deere Co. (In re Gilbertson), 90 B.R. 1006, 1009 (Bankr. D.N.D. 1988)).  Heritage has the burden to prove Debtor was solvent at the time the judgment lien was placed on October 24, 2024.  Setting aside fraudulent and similar property transfers and concealments, an individual debtor is "insolvent" if the sum of his debts is greater than all of his property, at a fair valuation, exclusive of exempt property. 11 U.S.C. §101(32)(A).

According to Heritage, Debtor has undervalued his two most significant assets: Debtor's interest in the stock of the Corporation and his homestead.  Heritage argues there is a discrepancy of approximately $295,000 in the value of the homestead and a multi-million dollar discrepancy in the valuation of the stock, which would result in Debtor's assets exceeding his liabilities and make Debtor solvent.  To support its burden of proof, Heritage points to an unexecuted Non-Binding Memorandum of Interest from Flagship Financial Group, Inc., which includes an alleged proposal to purchase Debtor's interest in the stock of Progressive Growth Corp., and a Comparative Market Analysis which purports to value Debtor's homestead.  Both documents state the valuations were as of February 2026 and were attached to the declaration of Heritage's attorney, who declares he received these documents.  However, the Court will not consider exhibits attached to the affidavit of an attorney because they are not properly authenticated and Heritage's attorney does not have personal knowledge sufficient to authenticate them.[2]

---

[2] "To be considered on summary judgment, documents must be authenticated by and attached to an affidavit made on personal knowledge." Stuart v. Gen. Motors Corp. 217 F.3d 621, 635 n.20 (8th Cir. 2000).

Heritage also relies upon a Declaration of Paul Oweneel dated July 3, 2025, in which Mr. Oweneel holds himself out as a chartered financial analyst, a licensed investment banker, and a licensed certified public accountant working for an accounting and business consulting firm.  Mr. Oweneel opined "the range of fair market value for the [Debtor's interest in the Progressive Growth Corp. stock] based upon an arm's length transaction between a willing buyer and a willing seller is $4,000,000-$8,000,000." While this evidence can be authenticated with Mr. Oweneel's declaration so that it may be admissible, it provides a $4 million difference in the alleged valuation which is not credible and does not appear to extend beyond mere speculation at this stage. As such, Heritage has failed in its burden to challenge the presumption through the presentation of some credible evidence to prove solvency, and with the presumption of insolvency favoring Debtor at the time of the transfer, section 547(b)(3) is met for purposes of this adversary.

As to the hypothetical liquidation test under section 547(b)(5), "[t]he law is generally well settled that unless creditors would receive a 100% payout, an unsecured creditor who received a payment during the preference period is in a position to receive more than it would have received in a chapter 7 liquidation." In re Betty's Homes, Inc., 393 B.R. at 677 (first citing Hoffinger Indus., Inc. v. Bunch (In re Hoffinger), 313 B.R. 812, 827 (Bankr. E.D. Ark.2004) and then citing Zachman Homes, Inc. v. Oredson (In re Zachman Homes, Inc.), 40 B.R. 171, 173 (Bankr. D. Minn.1984)).  The dispute between the parties appears to be over the valuation of Debtor's assets.  Disputes over valuation are typically factual but can involve mixed questions of law and fact.  See Drewes v. FM Da-Sota Elevator Co. (In re Da-Sota Elevator Co.), 939 F.2d 654, 657 (8th Cir. 1991) (stating all types of valuation cases are a question of fact); U.S. Bank Nat'l Assoc. v. Lewis & Clark Apts., LP (In re Lewis & Clark Apts., LP), 479 B.R. 47, 52 (B.A.P. 8th Cir. 2012) (involving a finding of fact relating to which party's evidence was more credible).

Debtor asserts in his declaration, "[o]n the Petition Date, the total value of my assets was $3,293,176.75 and the total value of my liabilities was $9,307,160.85"

7

and references his bankruptcy schedules to support these numbers.  Debtor further argues as a result of Heritage's judgment, his liabilities exceeded his assets by no less than $6,013,984.10 on the date of filing bankruptcy.  This is the evidence Debtor has placed before the Court to prove the hypothetical liquidation test under section 547(b)(5).  However, Heritage claims Debtor undervalues his assets by several million dollars and challenges Debtor's assertion that his liabilities exceed his assets.  Specifically, Heritage asserts Debtor cannot meet his burden with respect to the elements of section 547(b)(5) because Debtor has not established the value of his interest in the stock of Progressive Growth Corp. and his homestead.  Heritage argues there is a discrepancy of approximately $295,000 in the value of the homestead and a multi-million dollar discrepancy in the valuation of the stock, which (after accounting for the portion of the house owned by Debor's wife, secured claims, and exemptions) results in approximately $8,170,000 in non-exempt personal property that could be liquidated to fully pay Heritage's claim.

The Court also takes judicial notice of the fact Debtor has filed another adversary proceeding, this one concerning the interpretation of the By-Laws of Progressive Growth Corp.[3]  According to Debtor's Complaint in the other adversary, "applicability of the transfer restrictions imposed by the By-Laws on the Corporation Stock [of Progressive Growth Corp.], is essential for any potential purchaser to understand and to value the Corporation Stock[.]"  Without making any ultimate finding of fact concerning the other adversary, the Court recognizes there is an ongoing disputed fact as it relates to the value of the stock.

Value in regard to the hypothetical liquidation is a genuine issue of material fact that remains to be resolved.  Therefore, Debtor has not met his burden on the

---

[3] "A court may take judicial notice of a bankruptcy proceeding in order to recognize the judicial acts taken and the subject matter of that litigation." Stockmens Bank v. Lime, LLC, 2025 WL 1755445, at *2 n.1 (D. Neb. June 25, 2025) (citing United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994)); see also Smith v. Gooding (In re Smith), 671 B.R. 260, 263 n.2 (B.A.P. 8th Cir. 2025) (taking notice of the docket in the third bankruptcy case at issue on appeal).

sixth element, and the Court cannot grant summary judgment on the hypothetical liquidation test under section 547(b)(5).

## CONCLUSION

Debtor has failed to meet his burden of proof regarding all the elements under section 547(b)(5), and genuine issues of material fact remain to be resolved. Accordingly, the Court will enter an order granting partial summary judgment on the first five elements under 11 U.S.C. §547(b), namely: Debtor has an interest in the property that was transferred, it was transferred to or for the benefit of a creditor, on account of an antecedent debt owed by Debtor to Heritage, while Debtor was insolvent, and within 90 days before Debtor filed his bankruptcy petition.  Debtor still bears the burden of proving the hypothetical liquidation test under section 547(b)(5).  The Court will schedule a second pre-trial conference with counsel to set a trial date and related deadlines regarding the remaining issue under section 547(b)(5).

So ordered: May 13, 2026.

BY THE COURT:

Laura L. Kulm Ask
Bankruptcy Judge